IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL EDWARD PARKER, | :: | CIVIL ACTION NO. |
| Inmate ID # 058453, | :: | 1:10-cv-03104-TCB |
| Plaintiff, | :: | |
| | :: | |
| v. | :: | |
| | :: | |
| SMYRNA POLICE DEPARTMENT, | :: | PRISONER CIVIL RIGHTS |
| OFFICER B. THACKER, et al., | :: | 42 U.S.C. § 1983 |
| Defendants. | :: | |

## ORDER AND OPINION

Plaintiff Michael Edward Parker, an inmate at the Cobb County Adult Detention Center in Marietta, Georgia, has submitted this *pro se* civil rights action, seeking relief under 42 U.S.C. § 1983. The matter is now before the Court for an initial screening. For the purpose of dismissal only, leave to proceed *in forma pauperis* is **GRANTED**.

### I.    The Legal Framework

#### A.    28 U.S.C. § 1915A Review

Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or from an officer or employee of such an entity, to determine whether the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. A complaint is

frivolous when it "has little or no chance of success" – for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). See also Ashcroft v. Iqbal, _ U.S. _, 129 S. Ct. 1937, 1951-53 (2009) (holding that Twombly "expounded the pleading standard for all civil actions," to wit, conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible") (internal quotations omitted); Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal").
2

### B. 42 U.S.C. § 1983 Cause of Action

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a plaintiff fails to satisfy these pleading requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming district court's dismissal of § 1983 complaint because plaintiffs' factual allegations were insufficient to support asserted constitutional violation). See also L.S.T., Inc. v. Crow, 49 F.3d 679, 683-84 (11th Cir. 1995) (noting that "[i]t is well-established that . . . conclusory allegations are insufficient to state a § 1983 claim for relief").

## II. The Complaint

Parker alleges that City of Smyrna police officers violated his Fourteenth Amendment equal protection rights when they arrested him, and only him, on December 31, 2009, after a knife fight between Parker and two others. Parker acknowledges that the officers took a knife from his person, but claims that the officers also took knives from his two alleged assailants. Apparently, the officers

3

believed the alleged assailants' version of events, not Parker's. (Compl. ¶ IV.) Parker seeks, *inter alia,* "possible lost wages" resulting from his arrest, $172,850 in "damages for unavoidable future character defamation," and $500,000 in "suffering damages for time spent incarcerated." (Id. ¶ V.)

## III. Discussion

Parker does not allege a false arrest claim, but only that his equal protection rights were violated. However, in general,

> [t]he Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike. Thus, to establish an equal protection violation a plaintiff ordinarily shows that the state treated him differently from a similarly situated person based on a constitutionally protected interest.

Holloman v. Jacksonville Hous. Auth., No. 06-10108, 2007 U.S. App. LEXIS 1940, at *7-8 (11th Cir. Jan. 30. 2007) (citation and internal quotations omitted) (citing Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001), which states that "[t]o establish an equal protection claim, a [plaintiff] must demonstrate that (1) he is similarly situated with other [persons] who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race") (internal quotations omitted). Alternatively, to state an equal protection claim

4

as a "class of one," a plaintiff must allege that he is similarly situated to "comparators [who are] *prima facie* identical in all relevant respects" and that the defendants have intentionally treated him differently with no rational basis for doing so. See Campbell v. Rainbow City, Ala., 434 F.3d 1306, 1314 (11th Cir. 2006). Here, Parker has not alleged any fact suggesting that he was treated differently based on a "constitutionally protected interest such as race," Jones, 279 F.3d at 947, nor has he alleged facts sufficient to move a possible "class of one" equal protection claim, Campbell, 434 F.3d at 1314, "across the line from conceivable to plausible," Iqbal, 129 S. Ct. at 1951. Therefore, as stated in his complaint, Parker's equal protection claim fails.

## IV.    Conclusion

For the foregoing reasons, this Court finds that Parker's complaint fails to state a claim on which relief may be granted, and it is **DISMISSED WITHOUT PREJUDICE.** See 28 U.S.C. § 1915A(b)(1).

**IT IS SO ORDERED** this 29th day of October, 2010.

_____
TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/8
2)